O’SULLIVAN, J.
 

 For the injuries sustained by the plaintiff, fair compensation should have been within the range of $1,500 to $2,500. Nonetheless, the jury returned a verdict of $600. Anyone familiar with the workings of a jury could not fail to appreciate that the verdict represented a compromise. After asking the jury to retire from the courtroom,, the court expressed the opinion that the verdict was inadequate but suggested that if the jury were returned to reconsider, their deliberations stood in grave danger of ending in a defendant’s verdict. The court went on to state that it would accept the verdict if plaintiff’s counsel wished this-done, or, if they preferred it would return the matter to the jury. After conferring with their client, counsel addressed the court as follows: “I guess we have come to the conclusion it isn’t adequate and although we recognize the chances we are taking, that is our position and we would rather have it go back for reconsideration.”
 

 The jury was then recalled, and the court informed them
 
 *100
 
 that it could not accept the verdict because the amount was inadequate. It further stated that the jury should reexamine-the entire case, and, after so doing, if they determined that no liability existed, they should report for the defendant, but if they should decide for the plaintiff, an amount should be-, reported to represent fair compensation for the injuries which-the court then summarised. When the jury again reported,, they returned a defendant’s verdict, which was accepted.
 

 It is now claimed in support of the instant motion that, the court erred in the instructions given to the jury when, resubmitting the case. It is not necessary to rely on any principle of estoppel to deny the motion, although it would, seem that such a principle might be applicable. That fhe court had no power to return the jury for reconsideration cannot seriously be maintained. Section 5657 of the General Statutes, Revision of 1930, expressly provides such authority. No case has 'been cited to support the proposition that, in returning the jury, the court was precluded from resubmit' ting any issue save that of damages. To have requested the-jury to have reconsidered only that matter would, it seems to me, have been eminently unfair to the defendants, whose claim of immunity from liability had so appealed to at least some of the jury as to result in what even a first year law student would instantly have recognized as a low compromise-verdict, the outcome of an inability to agree wholeheartedly on liability. Under the circumstances, 1 can find no element of harmful error in the manner in which the matter was handled.
 

 The motion is denied.